IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| GLORIA ALCINDOR,<br><br>Plaintiff,<br><br>v.<br><br>HOVENSA, L.L.C. (sic)<br><br>Defendant. | CIVIL NO. 2006/159<br><br>ACTION FOR DAMAGES |

**HOVENSA'S OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO TAKE IN EXCESS OF TEN DEPOSITIONS**

Defendant HOVENSA, L.L.C. (HOVENSA), through undersigned counsel, hereby replies to Plaintiff's Motion for Leave to Take in Excess of Ten Depositions.

### I. FACTS

This is a case involving claims of gender discrimination and sexual harassment initially filed on December 4, 2006. The Plaintiff and one fact witness has been deposed. No other depositions have been taken by either party. Plaintiff noticed the depositions of thirteen additional fact witnesses. *See* Exhibit A, Plaintiff's deposition notices. Plaintiff now seeks leave to depose more than the ten witnesses allowed by Federal Rule of Civil Procedure 30(a)(2)(A)(I).

### II. AUTHORITY

Rule 30(a)(2)(A)(I) of the Federal Rules of Civil Procedure provides that a party must obtain leave of court before deposing in excess of ten witnesses. FED. R. CIV. P. 30(a)(2)(A)(I). While application of this rule should be consistent with the principles of Rule 26(b)(2), a second objective is for counsel to develop a cost-effective plan for discovery. FED. R. CIV. P. 30(a)(2)(A) advisory

*Alcindor v HOVENSA, L.L.C.*  Civil No. 2006/159
HOVENSA's Opposition to Plaintiff's Motion for Leave to Take in Excess of Ten Depositions
Page 2

committee's notes, 1993.  The Advisory Committee also noted that in some cases, the ten-per-side limit should be reduced in accordance with those same principles.  *Id.*

### III. ARGUMENT

When a party moves for leave to take in excess of ten depositions, she must demonstrate to the court why these additional depositions are necessary.  *Bell v. Fowler*, 99 F.3d 262 (8th Cir. 1996).  This demonstration is required to prevent otherwise cumulative, costly depositions that would serve no other proper purpose.  *Id.* at 271.  In this case, Plaintiff has failed to demonstrate this necessity.  Plaintiff's Motion for Leave identifies each of these witnesses as "a key player" and a "potential witness" identified by either the plaintiff or defendant.  *See* Plaintiff's Motion, p. 2.  The motion for leave is devoid of any demonstration that these additional depositions are necessary as it does not even attempt to explain who these witnesses are or what necessary information they may have.  The plaintiff cannot simply label witnesses as a "key player" and be granted leave to take their deposition.  Moreover, it seems odd that Plaintiff knows that each of these witnesses are "key" and not simply duplicative at this early stage without having taken any depositions but one.

Plaintiff specifically complains that four of the witnesses (and a fifth witness whose deposition has not yet been noticed) are current or former management employees who will not voluntarily speak to Plaintiff's counsel.  *See* Plaintiff's Motion, p. 2.  Plaintiff's arguments regarding management employees were rejected in a complex case involving an employment action and civil rights violation.  *Barrow v. Greenville Independent School Dist.*, 202 F.R.D. 480, 2001 U.S. Dist. LEXIS 15105 (N.D. Tex. 2001).  In *Barrow*, the plaintiff had deposed 15 witnesses with the defendants' permission (she argues she had only deposed 13) and sought leave of court to depose

*Alcindor v HOVENSA, L.L.C.*  Civil No. 2006/159
HOVENSA's Opposition to Plaintiff's Motion for Leave to Take in Excess of Ten Depositions
Page 3

additional witnesses. *Id.* at 481. Barrow argued that all of the depositions she had taken were justified because the deponents were clients of defense counsel, and she could not have interviewed them or obtained their affidavits. *Id.* at 483. The court noted that she stated in "only conclusory fashion" that each witness was a "material witness" for one or more elements of her claim. *Id.* Quoting *Bell*, the court held that merely arguing that each deponent was a client of defense counsel did not establish the necessity to exceed the presumptive limit of Rule 30(a)(2)(A). *Id.* at 484.

Further, the instant case is not the complex case that Plaintiff would have this Court believe. This case involves one plaintiff with claims of sex discrimination and one defendant. This court has presided over cases that involve six or more plaintiffs with sex discrimination claims or involve multiple defendants. Moreover, it is surely not a foregone conclusion that gender discrimination cases will always be fact-intensive and require copious depositions. Indeed, the Federal Rules of Civil Procedure applies to all civil cases and does not exclude employment or discrimination cases. The mere fact this is a sex discrimination case cannot automatically entitle Plaintiff to exceed the deposition limit.

Here, Plaintiff points out that her list of potential witnesses is not exhaustive and she intends to notice additional depositions, if permitted. *See* Plaintiff's Motion, p. 2. She notes that the defendant alone has identified 28 individuals as persons with knowledge in its Rule 26 disclosures. It does not logically follow that <u>every</u> witness listed in Rule 26 disclosure responses must be deposed.[1] Should Plaintiff be allowed to depose even thirteen additional witnesses, their testimony

---

[1] Indeed, Plaintiff should have ample opportunity to discover evidence in support of her case without deposing each of the witnesses listed in both Plaintiff's and Defendant's Rule 26 responses. *Express One International, Inc. v. Sochata,* 2001 U.S. Dist. LEXIS 25281 (N.D. Tex. 2001)(limiting the party seeking leave to depose additional witnesses since the party could discover the information that would have been

*Alcindor v HOVENSA, L.L.C.*  Civil No.  2006/159
HOVENSA's Opposition to Plaintiff's Motion for Leave to Take in Excess of Ten Depositions
Page 4

would most certainly be cumulative and costly, exactly the harm that Rules 30(a)(2) and 26(b)(2) were enacted to prevent.  Further, Plaintiff's conclusory statements regarding the role of the potential witnesses do not establish the necessity required by Rules 30(a)(2) and 26(b)(2).

Plaintiff argues that because she has the burden of proof in this case, she must have access to pursue discovery so that she can meet her burden.  *See* Plaintiff's Motion, p. 5.  The cases cited by Plaintiff to support this proposition are distinguishable.  Both cases involve an order compelling arbitration.  *Green Tree Financial Corp. v. Randolph*, 531 U.S. 79, 121 S.Ct. 513, 148 Led. 2d 373 (2000); *Livingston v. Associates Fin., Inc.,* 2001 U.S. Dist. LEXIS 8678 (N.D. Ill. 2001).  The Supreme Court in *Green Tree* found that a party seeking to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive bears the burden of showing the likelihood of incurring such costs. *Green Tree,* 531 U.S. at 92.  Similarly, the *Livingston* court found that a party was entitled to <u>limited</u> discovery into arbitration costs based on the *Green Tree* opinion.  *Livingston*, at *9.

Plaintiff has extrapolated these decisions to argue that the party with the burden of proof on a particular issue should be entitled to unlimited discovery into that issue.  However, even assuming *arguendo* that this is a proper extrapolation, courts have recognized that the party with the burden of proof does not have an unfettered right to conduct discovery.  *Barrow*, 2001 U.S. Dist. LEXIS 15106 at *11.  The general limitations of Rule 26(b)(2) must still be met.  *Express One International, Inc.,* 2001 U.S. Dist. LEXIS 25281 at *6 (finding that the discovery sought was "duplicative and

---

tendered by those witnesses from depositions already taken in the case, documents that had been produced and interviews of witnesses).

*Alcindor v HOVENSA, L.L.C.* Civil No. 2006/159
HOVENSA's Opposition to Plaintiff's Motion for Leave to Take in Excess of Ten Depositions
Page 5

unreasonably cumulative"). It would be a direct contradiction of the Rule 26(b)(2) principles to allow Plaintiff to depose the unlimited witnesses she claims are necessary to meet her burden of proof in this case.

## IV. CONCLUSION

Plaintiff has not presented any compelling reason why she must conduct in excess of ten depositions. HOVENSA respectfully requests that this Court deny Plaintiff's Motion for Leave to Take in Excess of Ten Depositions.

*Alcindor v HOVENSA, L.L.C.*   Civil No.  2006/159
HOVENSA's Opposition to Plaintiff's Motion for Leave to Take in Excess of Ten Depositions
Page 6

                      Respectfully submitted,
                      **BRYANT BARNES BECKSTEDT & BLAIR, LLP**
                      Attorneys for Defendant HOVENSA
                      1134 King Street, 2nd Floor
                      Christiansted, VI 00820
                      Tel: (340) 773-2785 / Fax: (340) 773-5427
                      V.I. Bar No. 773
                      lblair@bryantbarnes.com

DATED: May 15, 2009        By:   /s/   Linda J.  Blair

## CERTIFICATE OF SERVICE

      I HEREBY Certify that on May 15, 2009, I electronically filed the foregoing **OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO TAKE IN EXCESS OF TEN DEPOSITIONS** with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Lee J. Rohn, Esq.
Law Offices of Rohn & Carpenter, LLC
1101 King Street
Christiansted, St. Croix 00820

                      /s/ Linda J. Blair