**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| GLORIA ALCINDOR, | CIVIL NO. 2006/159 |
| Plaintiff, | |
| v. | ACTION FOR DAMAGES |
| HOVENSA, L.L.C. | |
| Defendant. | |

**DEFENDANT HOVENSA, L. L. C.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER**

HOVENSA L.L.C., (HOVENSA) through undersigned counsel, replies to Plaintiff's opposition to Motion for Protective Order as follows:

Plaintiff has failed to demonstrate the necessity required by Federal Rules of Civil Procedure 30(a)(2) and 26(b)(2) to conduct in excess of ten depositions. Both Plaintiff's Motion for Leave to Take in Excess of Ten Depositions and her Opposition to Defendant's Motion for Protective Order rely on conclusory statements such as the proposed deponents are "key player[s]" in order to establish the requirements of Rule 30(a)(2). *See* Plaintiff's Motion for Leave at p. 2; Plaintiff's Opposition at p. 1. However, these blanket statements, without more, fall short of exhibiting why these particular witnesses must be deposed by Plaintiff and why she should be allowed to exceed the ten deposition limit.

Additionally, Plaintiff notes that each of the proposed witnesses has been identified by either the Plaintiff or the Defendant and that the Defendant alone has identified 28 individuals in its Rule 26 responses. *See* Plaintiff's Opposition at p. 1. Plaintiff fails to recognize that the individuals listed by Defendant are not Defendant's "witnesses," per se. Instead, 27 of 28 of the individuals listed in

*Alcindor v HOVENSA, L.L.C.*  Civil No. 2006/0159
Defendant HOVENSA, L.L.C.'s Reply to Plaintiff's Opposition to Motion for Protective Order
Page 2

Defendant's Rule 26 responses are individuals alleged in Plaintiff's First Amended Complaint to have harassed Plaintiff, witnessed the harassment or have information about the harassment. *See* Exhibit A, Defendant's Rule 26 Disclosure Responses.  Plaintiff cannot now claim that she must depose all of these people identified by Defendant when essentially these individuals are witnesses she has identified as having knowledge relevant to the case.

Finally, Plaintiff has failed to overcome the good cause Defendant has shown for this Court to issue a protective order.  Federal Rule of Civil Procedure 26(c)(1) states that: "[t]he court may, <u>for good cause</u>, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." FED. R. CIV. P. 26(c)(1)(emphasis added).  As Plaintiff has failed to demonstrate why she must depose in excess of ten witnesses, this Court should issue an order to protect Defendant from the undue burden and expense of taking the depositions of witnesses who would likely provide cumulative testimony.

Wherefore, the undersigned respectfully requests that the Court enter an Order that the presently scheduled May 27, 28 and 29, 2009 depositions not go forward and require Plaintiff to limit the depositions to a total of ten(10) allowed by Rule 30 (a) (2) (A) (i) Fed R. Civ. P.

                                              Respectfully submitted,
                                              BRYANT BARNES BECKSTEDT & BLAIR, LLP
                                              Attorneys for Defendants HOVENSA
                                              1134 King Street, 2nd Floor
                                              Christiansted, St. Croix 00820
                                              Phone: 340-773-2785  Fax:   340-773-5427
                                              Email: lblair@bryantbarnes.com
                                              V.I. Bar No. 773

Dated:  May 19, 2009                       /s/   Linda J. Blair

*Alcindor v HOVENSA, L.L.C.*  Civil No. 2006/0159
Defendant HOVENSA, L.L.C.'s Reply to Plaintiff's Opposition to Motion for Protective Order
Page 3

## CERTIFICATE OF SERVICE

      I HEREBY Certify that on May 19, 2009, I electronically filed the foregoing Defendant HOVENSA, L.L.C.'s reply to Plaintiff's Opposition to Motion for Protective Order with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Lee J. Rohn, Esq.
Law Offices of Rohn & Carpenter, LLC
1101 King Street
Christiansted, St. Croix 00820

                                                  /s/ Linda J. Blair