IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| GLORIA ALCINDOR, | |
| Plaintiff, | CIVIL NO. 2006/159 |
| v. | ACTION FOR DAMAGES |
| HOVENSA, L.L.C. | |
| Defendant. | |

### HOVENSA'S OPPOSITION TO PLAINTIFF'S
### UNTIMELY MOTION FOR RECONSIDERATION

Defendant HOVENSA, L.L.C. (HOVENSA), through undersigned counsel, hereby replies to Plaintiff's Motion for Reconsideration of the Court's May 21, 2009 Order.

**I. PLAINTIFF'S MOTION IS UNTIMELY**

The Court's Order Regarding Defendant's Motion for Protective Order and Plaintiff's Motion for Leave to Take in Excess of Ten Depositions was entered May 21, 2009. Plaintiff's Motion for Reconsideration of the Court's Order was due on June 4, 2009. Plaintiff filed her Motion on June 5, 2009. Plaintiff's Motion should be denied because it was filed, without leave of court, in excess of the ten days for filing provided in LRCi 7.3.

**II. LEGAL STANDARD**

LRCi 7.3 (previously LRCi 7.4) states that a motion to reconsider shall be based on: "(1) an intervening change in controlling law; (2) availability of new evidence, or; (3) the need to correct clear error or prevent manifest injustice." LRCi 7.3; *See also, Worldcom Technologies, Inc, v. Intelnet Int'l, Inc.,* 2001 WL 118957 (E.D.Pa. 2001).

*Gloria Alcindor v. HOVENSA, L.L.C.*   Civil No. 2006/0159
HOVENSA's Opposition to Plaintiff's Untimely Motion for Reconsideration
Page 2

Decisions to reconsider should be exercised sparingly in light of the strong policy favoring finality with regard to adjudicated decisions. *U.S. v. Alegbite*, 877 F. 2d 174, 178 (2d Cir.), *cert. denied*, 493 U.S. 956 (1989); *Slagan v. John Whitman & Assoc., Inc.*, 1997 WL 611587, *1 (E.D.Pa. 1997). Moreover, "Dissatisfaction with the Court's ruling is not a proper basis for reconsideration." *Marello*, 2001 WL 41129 at *2;  *Marriot Senior Living Services, Inc. v. Springfield Township*, 2000 WL 1781937, *1 (E.D.Pa. 2000); *Burger King Corp. v. New England Hood and Duct Cleaning Co.*, 2000 WL 133756, *2 (E.D.Pa. 2000). "[T]he court should deny a motion for reconsideration when a party seems to be using it merely as a way to engage the court in an on going debate over the propriety of its earlier ruling." *Meyers*, 2000 WL 1728261 at *1. "Where litigants have once battled for the court's decision, they should neither be required, nor without good reason, permitted to battle for it again." *Zdanok v. Glidden Co.,* 327 F. 2d 944, 953 (2d Cir.), *cert denied*, 377 U.S. 934 (1964). "Only where the . . . court overlooked matters that might have led to a different result had they been considered will a motion for reconsideration be granted. *Damiano*, 2000 WL 1689081 at *3.

**III. THE COURT DID NOT COMMIT CLEAR ERROR**

Plaintiff claims that the Court "improperly placed the burden of proof on Plaintiff"with respect to the protective order sought by HOVENSA. *See* Plaintiff's Motion for Reconsideration, p. 6. However, Plaintiff overlooks the fact that not only did the Court's Order grant Defendant's Motion for Protective Order, it also <u>denied</u> Plaintiff's Motion for Leave to Take in Excess of Ten Depositions. Plaintiff states that "the court erred by instead placing the burden on the Plaintiff to 'articulate with specificity why the additional depositions are necessary or how each witness possesses unique testimony that does not overlap, duplicate, or is otherwise cumulative of any other

*Gloria Alcindor v. HOVENSA, L.L.C.*   Civil No. 2006/0159
HOVENSA's Opposition to Plaintiff's Untimely Motion for Reconsideration
Page 3

witness.'" *See,* Plaintiff's Motion for Reconsideration, p. 9.  Plaintiff seems to be confusing the burdens of proof for the two issues before the Court.  The burden cited by Plaintiff above was properly placed on Plaintiff - it is what Plaintiff was required to show to take in excess of ten depositions.  Plaintiff clearly did not meet this burden in her original motion, and the Court correctly ruled on this issue.

**IV.  PLAINTIFF'S MOTION IS NOT BASED ON "NEW" EVIDENCE**

Plaintiff took the depositions of four additional fact witnesses on May 29, 2009.  She claims that she learned additional details about information that specific individuals may know in this case.  As such, she has now withdrawn her request to depose four of the individuals that she originally "needed" to depose in her April 30, 2009, Motion to Take in Excess of Ten Depositions.  She has now revised her request with five new individuals in addition to five individuals who were in her original request.  *See,* Plaintiff's Motion for Reconsideration, pp. 2-5.

The "new" evidence that Plaintiff has acquired regarding the possible deposition testimony of individuals in this case was all gained <u>subsequent</u> to this Court's May 21, 2009 Order.  Federal Rule of Civil Procedure 60(b)(2) concerns a similar application of "new" evidence.  "The phrase 'newly discovered evidence' refers to evidence of facts in existence at the time of trial of which the aggrieved party was excusably ignorant." *United States v. 27.93 Acres of Land, More or Less, Situated in Cumberland County,* 924 F.2d 506, 516 (3d Cir. 1991) (quoting *Brown v. Pennsylvania R.R.,* 282 F.2d 522, 526-27 (3d Cir. 1960), *cert. denied*, 365 U.S. 818, 5 L. Ed. 2d 696, 81 S. Ct. 690 (1961)).  Thus, the existence of evidence of facts occurring <u>after</u> the hearing resulting in the judgment from which relief is sought in not a ground for relief under Rule 60(b)(2).  *Totally Everything, Inc.*

*Gloria Alcindor v. HOVENSA, L.L.C.* Civil No. 2006/0159
HOVENSA's Opposition to Plaintiff's Untimely Motion for Reconsideration
Page 4

*v. ATX Research, Inc./ATX Technologies, Inc.,* 1998 U.S. Dist. LEXIS 5094 (E.D. Pa. 1998).

      Plaintiff's Motion for Reconsideration is essentially a "new" Motion to Take in Excess of Ten Depositions. Ironically, Plaintiff is now including exactly the same type of information regarding possible deponents that the Court required in its Order - specificity regarding the individuals' possible testimony. The "new" information raised in the Motion for Reconsideration was not available at the time that the Court ruled on this issue in the May 21, 2009 Order. Therefore, this evidence is not a ground for relief under LRCi 7.3.

      Plaintiff has not filed a new Motion for Leave to Take in Excess of Ten Depositions, and the Court should not treat this Motion as such. Plaintiff's Motion for Reconsideration is untimely, fails to show any change in the controlling law, new evidence, or clear error by the Court. For all of these reasons, her Motion should be denied.

> Respectfully submitted,
> **BRYANT BARNES BECKSTEDT & BLAIR, LLP**
> Attorneys for Defendant HOVENSA
> 1134 King Street, 2nd Floor
> Christiansted, VI 00820
> Tel: (340) 773-2785 / Fax: (340) 773-5427
> V.I. Bar No. 773
> lblair@bryantbarnes.com

DATED: June 19, 2009      By:   /s/   Linda J. Blair

**CERTIFICATE OF SERVICE**

I HEREBY Certify that on June 19, 2009, I electronically filed the foregoing HOVENSA's Opposition to Plaintiff's Untimely Motion for Reconsideration with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Lee J. Rohn, Esq.
Law Offices of Rohn & Cameron, LLC
1101 King Street
Christiansted, St. Croix 00820

/s/ Linda J. Blair