# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

| | |
|---|---|
| GLORIA ALCINDOR, <br><br> Plaintiff, <br> v. <br><br> HOVENSA, L.L.C., <br><br> Defendant. | 1:06-cv-159 |

TO:  Mary Faith Carpenter, Esq.
     Linda J. Blair, Esq.

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

THIS MATTER came before the Court upon Plaintiff's Motion For Reconsideration (Docket No. 104). Defendant filed an opposition to said motion, and Plaintiff filed a reply thereto. A hearing was held on July 20, 2009. Mary Faith Carpenter, Esq., represented Plaintiff. Linda J. Blair, Esq., appeared on behalf of Defendant.

Having reviewed the written submissions of the parties and heard the arguments of counsel and upon due consideration thereof, the Court finds that reconsideration of its Order (Docket No. 88), entered May 21, 2009, is not warranted.

Pursuant to Local Rule of Civil Procedure 7.3, parties may seek reconsideration of an order or decision of the Court based upon "1. intervening change in controlling law; 2.

availability of new evidence, or; 3. the need to correct clear error or prevent manifest injustice." LRCi 7.3. It is well established that "[a] motion for reconsideration '[i]s not a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'" *Worldwide Flight Services v. Government of the Virgin Islands*, S.Ct. Civ. No. 2008-014, 2009 WL 152316 at *3 (V.I. January 21, 2009) (quoting *Bostic v. AT & T of the Virgin Islands*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004)).

In the matter at bar, Plaintiff claims that she is entitled to reconsideration to correct clear error or prevent injustice based upon her opinion that the Court should not have granted Defendant's motion for protective order. However, even if the Court had not granted Defendant's motion by the same order, the Court still would have denied Plaintiff's motion for leave to take in excess of ten (10) depositions for the same reason as the Court articulated in the said order, because of Plaintiff's failure to elucidate why the additional depositions are necessary or the uniqueness of each witness's testimony. The granting of Defendant's motion for protective order had no bearing or effect upon the Court's distinct ruling upon Plaintiff's separate motion. The Court notes, in addition, that the fact that leave of court is required prior to the taking of more than ten (10) fact witness

deposition supports the Court's finding that any depositions noticed in excess of the number ten (10) are deemed burdensome without any additional showing.

Plaintiff further bases her motion upon her assertion of "newly learned evidence." Plaintiff's "new evidence" consists of information garnered from depositions taken after the entry of the Court's order at issue and before Plaintiff's instant motion. The Court finds that this information is not "new evidence" for purposes of reconsideration. Plaintiff does not contend that the evidence did not exist or that the information was somehow unavailable prior to her original motion.

As the United States District Court for the District of New Jersey held in *Trenton Metropolitan Area Lodal of the American Postal Workers Union, AFL-CIO v. United States Postal Service*, Civil Action No. 06-2319 (JAP), 2008 WL 2875322 at *5 (D.N.J. July 22, 2008), "To prove that evidence is newly discovered for purposes of a motion for reconsideration, the moving party 'must show that through the exercise of due diligence, the evidence was not and could not have been discovered in time to produce it' on the original motion . . . ." *Id.* (quoting *Bosco v.. C.F.G. Health Sys., LLC*, 2007 WL 1791254, *2 (D.N.J. June 19, 2007) (internal quotation marks omitted)). Here, Plaintiff fails to demonstrate that she could not have scheduled the depositions or exercised due diligence to obtain the information in

*Alcindor v. HOVENSA, L.L.C.*
106-cv-159
Order
Page 4

*Alcindor v. HOVENSA, L.L.C.*
106-cv-159
Order
Page 4

other ways during the two and half (2½) years this matter has been pending prior to the filing of Plaintiff's motion for leave to take in excess of ten (10) depositions.

Based upon the foregoing, the Court concludes that Plaintiff has failed to meet the burden necessary for reconsideration. Consequently, the Court will deny Plaintiff's motion.

Accordingly, it is now hereby **ORDERED** that Plaintiff's Motion For Reconsideration (Docket No. 104)) is **DENIED**.

ENTER:


Dated: July 21, 2009
/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE